UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERNEST J. PAGELS, JR.,
    Plaintiff,

v.                                   Case No. 15-C-0589

LINDA COLE, et al.,
    Defendants.

## DECISION AND ORDER

Ernest Pagels, Jr., proceeding pro se, has filed a complaint against a variety of individuals and entities, in which he alleges generally that he has been subject to discrimination on the basis of an unidentified disability, in violation of the Americans with Disabilities Act. However, Pagels does not identify any specific act of discrimination committed by the defendants. Indeed, he does not even explain who the defendants are or allege how he was harmed by them. He simply states in his complaint that "everyone" has hurt or harassed him, and that "nobody" wants to accommodate his disability.

About one year ago, Pagels filed a similar complaint in this court that was assigned to me. See Pagels v. Cole et al., E.D Wis. Case No. 14-C-683. I determined that the complaint did not allege a substantial and non-frivolous federal claim and therefore did not engage the jurisdiction of this court. See, e.g. Bell v. Hood, 327 U.S. 678, 682–83 (1946); Greater Chicago Combine and Center, Inc. v. City of Chicago, 431 F.3d 1065, 1069 (7th Cir. 2005). The present complaint fares no better than the last, and I must dismiss it for the same reason.

I have considered whether it would be appropriate to grant the plaintiff leave to amend his complaint and conclude that granting him such leave would be futile. The plaintiff's litigation history in this court shows that he lacks the ability to file a coherent and valid complaint. Besides the prior case that was assigned to me, Pagels has filed other cases in this district that have been dismissed because he was unable to plead valid claims.[1] I also doubt that Pagels has any non-frivolous claims that he could pursue against the defendants and do not want to invite further frivolous litigation. In any event, because I am dismissing this case for lack of jurisdiction rather than on the merits, the dismissal will of necessity be without prejudice. Assuming that Pagels does have a viable claim against any of the defendants and that he is able to file a lucid pleading, the dismissal of the current complaint without leave to amend will not preclude him from later filing a valid complaint. But Pagels is advised that if he persists in filing frivolous complaints, a judge of this court may consider sanctioning him.

Accordingly, **IT IS ORDERED** that the complaint and this action are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Clerk of Court shall enter judgment.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee is **DENIED**.

---

[1] See E.D. Wis. Case Nos. 14-C-1235; 12-C-0225; & 09-MC-84.

Dated at Milwaukee, Wisconsin this 27th day of May, 2015.

                s/ Lynn Adelman

                LYNN ADELMAN
                District Judge

3

Case 2:15-cv-00589-LA   Filed 05/27/15   Page 3 of 3   Document 4